UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PRINCOLA SHIELDS, Estate of, by Debra Shields, Personal Representative, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:16-cv-02148-SEB-DML<br>) |
| BRUCE LEMMON, et al., | )<br>) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Debra Shields ("Ms. Shields"), as the personal representative of the estate of Princola Shields, brought this wrongful death action against the Indiana Department of Correction, the Indiana Women's Prison, Corizon Health, Inc., and several current and former employees of these entities ("Defendants") pursuant to 42 U.S.C. § 1983. This matter is now before us on Defendants' Motion to Dismiss three of the named defendants, Leslie Weaver, Shonda Simon, and Keisha Hamer-Harris, pursuant to Federal Rule of Civil Procedure 4m (Dkt. No. 70), based on untimely service of process. For the reasons set forth below, we GRANT Defendants' Motion with regard to Ms. Weaver and DENY it with regard to Ms. Simon and Ms. Hamer-Harris.

**Relevant Factual Background**

Ms. Shileds filed her initial complaint on August 11, 2016 (Dkt. No. 1), alleging that on or about September 11, 2015, unknown individual health care providers and unknown employees of the Indiana Department of Correction working at the Indiana

1

Women's Prison individually and in their official capacities violated Princola Shields's rights under the Fourth, Eighth, and Eighteenth Amendments by not providing proper monitoring and medical treatment, which led to Princola Shields's death. On December 13, 2016, Ms. (Debra) Shields filed an amended complaint. Dkt. No. 33. Through discovery, Ms. Shields identified Ms. Weaver, Ms. Simon, and Ms. Hamer as appropriate defendants and, on December 20, 2016, proposed summonses were submitted for issuance to Keisha Hamer, Shonda Simon, and "Ms. Weaver" at the Indiana Women's Prison (Dkt. No. 36), which summonses issued the following day. Dkt. No. 40. After Defendants informed Ms. Shields on December 28, 2016, that service on Ms. Weaver at the Indiana Women's Prison was improper because Ms. Weaver was no longer a Corizon employee, Ms. Shields attempted to serve her at her last known address as provided by Defendants. Pl.'s Resp. at 2.

Ms. Shields filed a proof of service asserting that she had successfully served Shonda Simon and Keisha Hamer on January 3, 2017, at the Indiana Women's Prison. Dkt. No. 45. The signature on the green card executed on behalf of Ms. Simon and Ms. Hamer bore the name of an individual unknown to Defendants who was "presumably working in the mail room at the prison." Def.'s Mtn. at 2. Defendants assert in their motion to dismiss that this individual was not authorized to accept service for Ms. Simon and Ms. Hamer. *Id*.

On February 15, 2017, Ms. Shields also filed proposed summonses directed to Ms. Simon and Ms. Hamer using the addresses provided by Defendants' counsel on February

2, 2017, which summonses were issued on February 16, 2017. *Id*. at 3; Dkt. Nos. 53, 55. No return of service was filed for either Ms. Simon or Ms. Hamer.

Defendants filed the instant motion on May 18, 2017, asserting that Ms. Shields has neither issued a summons to Ms. Weaver's at her last known address, nor perfected service on Ms. Simon or Ms. Hamer. Def.'s Mtn. at 3. Ms. Shields responded on May 22, 2017. Dkt. No. 71.

On October 10, 2017, Ms. Shields filed proposed summonses for issuance to Ms. Hamer, who apparently changed her name to Hamer-Harris, and to Ms. Simon, which issued the following day. Dkt. Nos. 112, 113. On October 23, 2017, Ms. Sheilds then filed a proof of service on Ms. Hamer-Harris and Ms. Simon. Dkt. No. 114, Ex. A. On November 3, 2017, certain Defendants, including Ms. Simon and Ms. Hamer, filed an answer to Ms. Shields's amended complaint. Dkt. No. 119.

**Applicable Law and Standard of Review**

Federal Rule of Civil Procedure 4(m) provides for dismissal of an action based on untimely service of process. The rule states, in relevant part:

> If proper service is not accomplished within 90 days after the complaint is filed, the court—on motion or on its own after the notice to the plaintiff—must dismiss must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1]

---

[1] This 90-day period took effect in 2015, reducing the former 120-day period to help limit litigation time; with this shortening, it was anticipated that "good cause" for extensions might occur more often. (Rule 4(m) advisory committee's note). The granting of an amendment that relates back under Rule 15(c)(3) constitutes good cause for

3

When a plaintiff meets his or her burden of proving that "good cause" exists to excuse a delay in service, a court must grant the plaintiff an extension for "an appropriate period." *See Parker v. Scheck Mechanical Corp.*, 772F.3d 502, 506 (7th Cir. 2014). Good cause means a valid reason for delay, such as the defendant's evasion of service. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).

Under the current version of Rule 4(m), absent a plaintiff's showing of good cause, courts need not simply dismiss the suit without prejudice. *See Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002) (permitting an extension of time for service in the case of excusable neglect). Thus, where the plaintiff fails to show "good cause," the court has two options: (1) dismiss the action without prejudice; or (2) order that service be made within a specified time. *United States v. McLaughlin,* 470 F.3d 698, 700 (7th Cir. 2006). In either case, the decision of whether to dismiss or extend the period for service is discretionary with the court. *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008)).

## Discussion

Defendants Leslie Weaver, Shonda Simon, and Keisha Hamer contend that Ms. Sheilds's suit should be dismissed with regard to each of them based on Ms. Shield's failure to serve process within the 90-day period specified in Rule 4(m). Ms. Shields responds that she has shown good cause for this failure—"abid[ing] by, and in fact follow[ing] up on the information provide by counsel for the Defendants"—to trigger

---

extending the time for service under Rule 4(m). *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 560 (7th Cir. 1996).

Rule 4(m)'s extension of time for service. Pl.'s Resp. at 1-4. In support, Ms. Shields notes that, following discovery, when she identified Ms. Weaver, Ms. Hamer, and Ms. Simon as appropriate defendants, she promptly filed proposed summonses, which were issued forthwith. Further, Ms. Shields says, she would have had no way of knowing that the individual who signed the green cards for Ms. Simon and Ms. Hamer was not authorized to do so, as Defendants assert. *Id*. at 3. Ms. Shields further notes that Defendants did not assert that the individual was not authorized to sign for Ms. Weaver. *Id*. at 2. Ms. Shields points out that after Defendants informed her on December 28, 2016, that service on Ms. Weaver at the Indiana Women's Prison was improper because Ms. Weaver was no longer a Corizon employee, Ms. Shields attempted to serve Ms. Weaver at her last known address as provided by Defendants. *Id*. at 3. On February 15, 2017, Ms. Shields also filed summonses addressed to Ms. Simon and Ms. Hamer based on information provided by Defendants' counsel on February 2, 2017, which summonses were issued on February 16, 2017. *Id*. at 3. Accordingly, Ms. Shields asserts, dismissal is not appropriate because she has "followed up on the information provided by counsel for the Defendants every step of the way" and demonstrated a "good faith effort to have these individuals served." *Id*. She requests that instead the court order service to be made upon Ms. Weaver, Ms. Simon, and Ms. Hamer within a specified time subject to the court's discretion. *Id*. at 4.

Based on the filing date of the amended complaint against Ms. Hamer, Ms. Simon, and Ms. Weaver, the 90-day window for timely service closed on March 13, 2017. *See* Dkt. No. 33; *Donald*, 95 F.3d at 557 n. 5. Proper service on Ms. Hamer and Ms. Simon

5

was not perfected until October 23, 2017 (Dkt. No. 114), and it is undisputed that Ms. Weaver, who is proceeding *pro se* in this litigation, has not been served.

We find no basis for good cause here because no valid reason has been provided for the delay in effecting proper service. *See Coleman*, 290 F.3d at 934 (listing cases). The absence of good cause notwithstanding, we must nevertheless address whether a permissive extension of time for service is warranted. *See, e.g., Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996). In determining whether a permissive extension is appropriate, we consider: "(1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served." *Cardenas*, 646 F.3d at 1006. None of these factors alone is determinative. *Panaras*, 94 F.3d at 341.

With regard to Ms. Hamer and Ms. Simon, permissive extension appears to be warranted. Defendants Hamer and Simon have not shown any actual harm to their ability to defend the suit as a consequence of the delay in service. *See Coleman*, 290 F.3d at 934. Indeed, it is likely that they had received actual notice of the suit within a short time after the attempted service in February 2017. In any event, service was perfected on October 19, 2017, which enabled them to file their answer to Ms. Shields's amended complaint. Dkt. No. 119. Accordingly, as an exercise of our discretion, we hereby extend the service period to include the date on which Ms. Shields actually accomplished service of process on Ms. Hamer-Harris and Ms. Simon.

We next turn to Defendants' request for dismissal of Ms. Weaver and decline to exercise discretion in Ms. Shields's favor in this instance. Nearly a year has passed since Ms. Shields last attempted service on Ms. Weaver, without any success. Dkt. No. 55. While Ms. Shields stated in her May 2017 response to Defendants' motion that she would intended to try again to serve Ms. Weaver (Pl.'s Resp. at 3), she apparently failed to do so. In a similar circumstance, the Seventh Circuit upheld a district court's decision refusing a plaintiff's extension request. *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381 (7th Cir. 1998).

Finally, while relevant, the applicable statute of limitations does not alter our decision not to extend the service period. While an extension of the time for service may be warranted if an applicable statute of limitations would bar a plaintiff from refiling the action, the statute's running does not necessarily require an extension of time for service. *Panaras*, 94 F.3d at 341 (citing the Advisory Committee Note to Rule 4(m) as a source of guidance as to what factors warrant consideration in such a determination). Here, the events giving rise to the suit, namely the death of Princola Shields allegedly due to the actions or inactions of Defendants, occurred on or about September 11, 2015. Dkt. No. 1. Ms. Shields filed her complaint roughly a year later. *Id*. The applicable statute of limitations for a § 1983 action is two years pursuant to Ind. Code § 34–11–2–4. *Campbell v. Chappelow,* 95 F.3d 576, 580 (7th Cir.1996).[2] The time within which a complaint

---

[2] Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia,* 471 U.S. 261 (1985).

based on these claims ended on September 11, 2017. When Ms. Shields filed her response to the Motion to Dismiss in May 2017 stating her intention to serve Ms. Weaver, she still had ample time to do so. But for reasons not revealed to us, she failed to perform that task.

As the Seventh Circuit has recognized, a dismissal "'without prejudice' does not mean without consequence. If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989). Ms. Shields's actions (or those of her counsel) may have made this impossible, but without a more compelling justification, there is no reason to revive a suit that otherwise warrants dismissal under Rule 4(m). "[K]eeping [a] suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant." *Link v. Wabash Railroad Company*, 370 U.S. 626, 634 n. 10 (1962). Therefore, we GRANT without prejudice Defendant's Motion to Dismiss the complaint as to Ms. Weaver.

## Conclusion

Defendants' Motion to Dismiss with regard to the claims against Ms. Weaver is GRANTED and DENIED without prejudice with regard to Ms. Hamer-Harris and Ms. Simon, based on the delayed but effective service of process which has been effected.

IT IS SO ORDERED:

Date: _____12/28/2017_____          _____*Sarah Evans Barker*_____
                                         SARAH EVANS BARKER, JUDGE
                                         United States District Court
                                         Southern District of Indiana

8

Distribution to counsel of record via CM/ECF